# Third District Court of Appeal

## State of Florida

Opinion filed March 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1292
Lower Tribunal No. 15-19999
_____

## Asperbras Tecnologia Industrial, e Agronegócios Ltda., etc., et al.,
Appellants,

vs.

## Good Hope Development, LLC,
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge.

Baker & McKenzie, LLP and Daniela Fonseca Puggina and Carolina Neves, for appellants.

Akerman LLP and Robert I. Chaskes and Paul L. Kobak, for appellee.

Before SUAREZ, C.J., and LAGOA and SALTER, JJ.

SUAREZ, C.J.

Asperbras Tecnologia Industrial e Agronegócios LTDA, and Jose Roberto Colnaghi, Asperbras' CEO, [collectively, Asperbras] appeal from a non-final order

denying their motion to quash and dismiss Good Hope Development, LLC's [Good Hope] Amended Complaint for lack of personal jurisdiction, improper venue, and forum non conveniens. We affirm.

Appellants are a Brazilian corporation and citizen, respectively. Good Hope LLC, Appellee, is a Florida LLC owned by two Brazilian members, with its principal place of business in Miami-Dade County. In July 2011, Asperbras contracted with Good Hope to structure, negotiate and obtain a line of financial credit to be used in contracts Asperbras hoped to enter with the Republic of Guinea. The agreement had a carve-out clause that excluded any financing with Credit Suisse. Good Hope was to get a finder's fee. The agreement between Asperbras and Good Hope provided for arbitration and venue in Brazil.

Good Hope subcontracted the task of finding the financial credit line to Netplan Servicios Empresarias LTDA [Netplan], a Brazilian corporation. Good Hope agreed to pay Netplan one-half of the finder's fee that Good Hope expected to earn from its contract with Asperbras. Netplan then allegedly approached Asperbras, without Good Hope's knowledge or authorization, to seek an advance on the finder's fee it would get from the Asperbras/Good Hope contract. Asperbras agreed to advance Netplan monies and separately contracted with Netplan to secure a letter of credit (as opposed to a line of financing) from Credit Suisse. Netplan obtained a letter of credit from Credit Suisse in favor of

Asperbras, and Asperbras paid Netplan a finder's fee.  Subsequent questions from the bank resulted in Asperbras cancelling the Asperbras/Good Hope contract and refusing to pay Good Hope for its services.  Good Hope then sued Asperbras for breach of contract.  The matter was arbitrated in Brazil. The Brazilian arbitrators determined that Asperbras did not obstruct the Good Hope/Netplan arrangement, concluding that a letter of credit was not the same as a line of financing, and that Credit Suisse was carved out of the Asperbras/Good Hope contract.

In 2015, Good Hope filed a Complaint in Miami-Dade circuit court alleging Asperbras' tortious interference with the Good Hope/Netplan subcontract. Asperbras removed the case to federal court.  The federal court remanded the case to the state circuit court, finding it did not have subject matter jurisdiction under the Federal Arbitration Act as Good Hope's damages were not measured by its contract with Asperbras, but by Asperbras' alleged interference with Good Hope's contractual relationship with Netplan.[1]  Once back in state court, Asperbras filed a

---

[1] In its remand order, the Federal Court noted that,

> Defendants' [Asperbras'] alleged misconduct – i.e., [their] interference with the relationship between [Good Hope] and Netplan – is extra-contractual. This conclusion is supported by the fact that the damages [Good Hope] is currently seeking are completely different from the damages it would be entitled to under a breach of contract theory.  If [Good Hope's] claims were inextricably related to a breach of its contract with Asperbras, then the measure of its damages would be determined by the contract itself.  Here, [Good Hope's] damages will not be measured by reference to its contract with Asperbras, but instead by the extent of damage it suffered from Defendants'

3

motion to dismiss arguing that service of process was invalid because Good Hope was required to serve Asperbras by letters rogatory and had not done so. At a special May 12, 2016 hearing, the trial court took evidence and heard both parties' arguments and a) denied Asperbras' motion to quash service of process; b) denied Asperbras' motion to dismiss based on res judicata; c) denied Asperbras' motion to dismiss for improper venue; d) allowed the parties to engage in further discovery relating to forum non conveniens and to renew any related objections once discovery was concluded; e) denied Asperbras' motion to dismiss Good Hope's Amended Complaint for failure to state a claim, and ordered Good Hope to state a damage claim with greater particularity. Asperbras appeals.

We review de novo the trial court's order on the motion to quash service of process and find that service was legally sufficient under both Florida and Brazilian law.[2] Good Hope presented evidence that it had engaged a Brazilian attorney in good standing who personally served the Appellants in Brazil, and that such service was valid service in Brazil. Appellants do not dispute that the returns of this service comply with Florida law and are regular on their face and valid.

---

[Asperbras] interference with its contractual and business relationship with Netplan. Consequently, the Court finds that the "subject matter of this action . . . [does not] relate [] to an arbitration agreement.

[2] Brazil is a signatory to the Inter-American Service Convention, which replaces the traditional letters rogatory process and provides a mechanism for service of documents by a foreign central authority.

Appellants provide no clear and convincing evidence otherwise. Therefore, the form of the return of service is not an issue. As to the service, Florida courts may accept any particular method of service, so long as it does not contradict any self-executing international agreement or implementing statutes, or as long as such method is not expressly prohibited by the law of the foreign state. See Alvarado-Fernandez v. Mazoff, 151 So. 3d 8, 14 (Fla. 4th DCA 2014) and cases cited therein. See also Paiz v. Castellanos, No. 06-22046-CIV, 2006 WL 2578807 (S.D. Fla. Aug. 28, 2006) (finding the Inter-American Convention's provisions regarding service of process neither mandatory nor exclusive), and cases cited therein; Skanchy v. Calcados Ortope SA, 952 P.2d 1071 (Utah 1998) (same). In this case, service on Asperbras by the Brazilian attorney does not contradict any self-executing international agreement or implementing statute between the United States and Brazil. Evidence was presented that service was made in Brazil by an attorney admitted and in good standing to practice in Brazil and that such service met the requirement for valid service of process in Brazil. Accordingly, we affirm the trial court's conclusion that service of process upon Asperbras in Brazil by a Brazilian attorney was lawful and effective to the extent it complied with the requirements of Florida law and gave Asperbras due notice of the proceedings.

Venue is proper in Miami-Dade County. As the record reflects, Good Hope's claims for tortious interference relate solely to the contract between Good

5

Hope and Netplan, an entirely separate entity that falls outside the scope of the Asperbras/Good Hope contract. Thus, Good Hope's tort claims are not governed by the Asperbras/Good Hope contract or its arbitration and venue provisions, and we thus affirm the denial of Asperbras' motion to dismiss based on improper venue.

In denying Asperbras' motion to dismiss based on forum non conveniens, the trial court recognized that this issue was not yet ripe for determination. The trial court correctly provided that "the parties may engage in discovery relating to forum non conveniens issues and Defendants may renew their forum non conveniens objections after such . . . discovery is completed." We affirm the trial court's determination regarding the forum non conveniens issue and make no determination on the merits of that issue.

Accordingly, we affirm the order below denying Asperbras' motion to quash service and motion to dismiss the amended complaint, and remand for further proceedings.